Harlan B. Krogh
Crist, Krogh & Nord, LLC
2708 First Avenue North, Suite 300
Billings, Montana 59101
Telephone: (406) 255-0400
Fax: (406) 2355-0697
hkrogh@cristlaw.com

Attorneys for Plaintiff Black Hills Institute of
Geological Research, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BLACK HILLS INSTITUTE OF GEOLOGICAL RESEARCH, INC., a South Dakota corporation, | Cause No. DV-10-76-GF-SEH |
| Plaintiff, | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| FORT PECK PALEONTOLOGY, INC., a Montana corporation, GEORGE D. STANLEY, JR., an individual, JOHN RABENBERG, an individual, DICK BARSNESS, an individual, JOHN DOE(S), individuals and entities, | |
| Defendants. | |

COMES NOW Plaintiff, Black Hills Institute of Geological Research, Inc., by

and through its attorneys for its Complaint against Fort Peck Paleontology, Inc., a

Montana corporation, George D. Stanley, Jr., John Rabenberg, Dick Barsness, and John Doe(s) inclusively (collectively "the Defendants") alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement arising out of Defendants' deliberate, willful and unauthorized copying, distribution, display and commercial exploitation of Plaintiff's original copyrighted works entitled "STAN T. rex" and "SUE T. rex" (hereinafter the "Copyrighted Works") in violation of the copyright laws of the United States, 17 U.S.C. §§101 et seq., in addition to a collection of legal causes of action under the banner of Unfair Competition including State law and Federal law, 15 U.S.C. §§1125 et seq., as well as separate causes of action for Conversion, and Misappropriation.

2.     Defendants have infringed Plaintiff's rights under the Copyright Act by creating, manufacturing, and distributing unauthorized works based upon Plaintiff's Copyrighted Works as herein described. Plaintiff seeks damages for copyright infringements and a permanent injunction barring Defendants from further infringing its Copyrighted Works. Plaintiff additionally seeks redress and damages associated with substantially related claims arising from the same underlying facts, namely causes of action for Unfair Competition, as well as Conversion, and Misappropriation.

2

## JURISDICTION, VENUE AND PARTIES

3.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as the matters at issue include Defendants' misconduct under the U.S. Copyright Act, for which the Federal Courts have exclusive jurisdiction. The Court also has original jurisdiction over this controversy under 15 U.S.C. §§1125 et seq., and 28 U.S.C. §1338(b) because this is a civil action involving unfair competition joined with substantial and related claims under the U.S. Copyright Act. This Court also has supplemental jurisdiction over all of Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367.

4.     This Court additionally has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, as there exists diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

5.     This Court has personal jurisdiction over Defendants collectively and individually because, upon information and belief, Defendants have purposely availed themselves of the privilege of acting in or causing important consequences in the State of Montana, or otherwise had minimum contacts with the State of Montana. Further, the exercise of personal jurisdiction over Defendants by this Court is reasonable and consistent with the Federal Due Process Clause. In addition, because Defendants, upon information and belief, are residents within the State and District,

3

incorporated in the State and/or conducting business in this State, and in the District and committing torts, in whole or in part, in this State or District, entered into a contract for services to be rendered or for materials to be furnished in this State by such person, acting as director, manager, trustee, or other officer of any corporation organized under the laws of the forum state, or having its principal place of business within the forum state. Thus Defendants should reasonably anticipate being haled into court in this State.

6.     Venue is proper pursuant to 28 U.S.C. §§1391(b) and (c), and 1400(a) because Plaintiff's claims arose in this District; Defendant Fort Peck Paleontology, Inc., (hereinafter "PFFI"), is a corporation within this District; Defendants are all believed to reside and/or may be found and served in the District of Montana; upon information and belief, the Defendants are all believed to reside in the District of Montana; a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this District; and Defendants are subject to personal jurisdiction in this District.

7.     Plaintiff, Black Hills Institute of Geological Research, Inc., (hereinafter "BHI") is a corporation organized under the laws of the State of South Dakota, with its principal place of business at 117 Main St., Hill City, South Dakota,  57745. Plaintiff is a leading paleontological and earth science supply firm whose principal

business involves locating remnants, designing, manufacturing and distributing professionally prepared originally rendered fossils based on those remnants, as well as fossil casts, fossil molds, fossil articulations and mineral specimens for research, teaching, and display.

8.     Plaintiff is informed, believes and thereon alleges that Defendant FPPI is a Montana corporation with a principal place of business at 40 Deer Born Road, Fort Peck, Montana  59223, and whose mailing address is P.O. Box 123, Fort Peck, Montana   59223. FPPI generates commercial revenue (inter alia) through the commercial sale of prepared fossil castings and articulations of various fossil specimens incorporating said castings.

9.     Plaintiff is informed, believes and thereon alleges that Defendant George D. Stanley, Jr., (hereinafter "Stanley") is a citizen of the State of Montana and/or domiciled in the State of Montana, located at 1900 Alvina Drive, Missoula, Montana 59802-3659, and can also be located at 32 Campus Drive #1296, Missoula, Montana 59812, and who is currently acting as the managing director of FPPI.

10.     Plaintiff is informed, believes and thereon alleges that Defendant John Rabenberg (hereinafter "Rabenberg"), is a citizen of the State of Montana, located at 643 Remuda Creek Road, Fort Peck, Montana  59223, who at all times pertinent to this Complaint, acted as an employer, director, manager, trustee, or other officer, and

5

which directly and/or indirectly oversaw, encouraged and/or funded the activities of Co-Defendant FPPI.

11.     Plaintiff is informed, believes and thereon alleges that Defendant Dick Barsness (hereinafter "Barsness"), is a citizen of the State of Montana, and located at 40 Deer Born Road, Fort Peck, Montana  59223, who at all times pertinent to this Complaint, acted as an employer, director, manager, trustee, or other officer, and which directly and/or indirectly oversaw, encouraged and/or funded the activities of Co-Defendant FPPI.

12.     Plaintiff is unaware of the true names and capacities of the individuals, and/or entities sued herein as John Doe(s) inclusively, and, therefore, Plaintiff sues each of them, by the fictitious name.  Plaintiff will seek to amend this complaint to show the true name and capacity of these John Doe(s) inclusively, and each of them once Plaintiff ascertains their true identities. Plaintiff alleges, on information and belief that John Doe(s), inclusive, and each of them, in some manner, perhaps as current or past board members participating in meetings involving these issues or as officers of FPPI and the like, is responsible for, or failed to prevent the infringing acts, and/or omissions alleged herein, and therefore are personally liable for the acts of infringement, and that the damages herein alleged were directly and proximately caused by such conduct.

6

## BACKGROUND FACTS

13.   For over 30 years, Plaintiff BHI has been at the leading edge of international paleontological research and preparation.  One area of special expertise is their extensive research and study of the world famous Tyrannosaurus rex (hereinafter "T. rex").   BHI has been directly involved in the excavation, interpretation, creation, and preparation of some of the most important fossilized T. rex remnants in the world. Some of these fossilized T. rex creations for which Plaintiff BHI has been instrumental include, but are not limited to the interpretation, casting, creation of all, or portions of such specimens bearing the names SUE, STAN and SAMSON. Such creations are prominently exhibited in museums throughout the world. For example, SUE is currently on display at the Chicago Museum of Natural History; STAN is presently with Plaintiff BHI; while SAMSON was recently sold to a private collector. *See* Bonhams & Butterfields Auctioneers Corp., *Chart of Relative Completeness of Discovered T. rex Specimens*, 23 (1st ed., Bonhams & Butterfields Auctioneers Corp. 2009), attached hereto as ex. "A"; Black Hills Institute of Geological Research, Inc., *BHI Fossil Replica Catalog*, http://www.bhigr.com/catalog/product/BHIGR_STAN-Tyrannosaurus.pdf (2010), attached hereto as ex. "B".; photograph of "SUE", attached hereto as ex. "C"; Bonhams & Butterfields Auctioneers Corp., *Samson*, 17 (1st ed., Bonhams &

Butterfields Auctioneers Corp. 2009), attached hereto as ex. "D".

14.    As part of their endeavors to better study and share these fossilized T. rex remnants with the world, BHI has become one of the leading institutes for the preparation, creation, sculpting, and casting of museum quality fossilized dinosaur creations and exhibits. Plaintiff has spent considerable time, money and other valuable resources developing (inter alia) expertise in the original, sculpting, completion, finish, molding, mounting, and creation of individual components from fossil remnants for these museum quality exhibits.

15.    When researchers, such as the experts at BHI, discover the fossilized remains of any dinosaur, such as a T. rex specimen, the original fossilized remnants of such bones must be painstakingly extracted from any underlying matrix. This process can involve meticulously sculpting in a manner that creates joining portions and surfaces and generating unrevealed surfaces to create an arguably realistic fossil structure. Works are further created that fill in interpretations of bone structure, individual anatomy, fine-structure detail composition and finish.

16.    Rare is it that a complete fossil structure is located in nature. Usually only portions of remnants remain. Thus, each original fossil component, and the overall fossil structure is an original and unique interpretation of the underlying fossil as artistically constructed by the preparer after accounting for the numerous variables

present. Even on relatively complete structures, surfacing and finish are added as well as positioning is created.

17.     Original fossil interpretations, such as those found in the original fossil renditions of, for example SUE, STAN and SAMSON, represent scientific judgment blended with artistic expressions individual to the creator and are copyrighted under U.S. and international copyright laws.

18.     As mentioned, the fossilized remnants of these dinosaur specimens are frequently incomplete. Through the passage of millions of years and natural geologic actions, completed elements are often broken, crushed, destroyed, and/or lost. Often only disarticulated remnants are located and studied. In order to create the fossilized dinosaur components for exhibits prized by collectors and museums throughout the world, Plaintiff BHI, using its vast knowledge of the anatomical and physiological features of such dinosaurs, and expending significant time and money, sculpts and creates original fossilized bone completions and casts interpreting missing bones and/or bone fragments, creating surfacing and finish, presenting likely relational positions and original compilations of the same. Such original sculptures can be combined with any complete, perhaps unfinished fossilized remains to create individual bone components, and perhaps fully-realized dinosaur renditions. Integrating perhaps unfinished original fossilized remnants, with these newly created

original works of sculpture allows for the presentation of the fossilized dinosaur remains that the public is accustomed to seeing.

19.     These original and one-of-a-kind fossil interpretations are original works created by BHI's skilled artisans through years of specialized training and experience. Like any original work of art, they are afforded protection under the laws of the United States as copyrighted works. Under U.S. and international copyright laws, Plaintiff, as the creator of such original works of art, is granted the exclusive rights to reproduce, distribute, create derivative works from, and adapt the work as it sees fit.

20.     As one example of Plaintiff's specialized blend of science and art, portions of a fossilized T. rex skeleton, now entitled STAN, were first discovered in the spring of 1987 near the town of Buffalo, South Dakota. Later in the spring of 1992, workers from BHI began work on the excavation. The T. rex fossil skeleton STAN was collected, prepared, interpreted, completed, and mounted by Plaintiff BHI and is currently exhibited in The Museum at Black Hills Institute in Hill City, South Dakota. Plaintiff estimates that it required nearly 30,000 hours of creation and rendering before STAN was finally ready to be exhibited to the public. As one can readily appreciate, such efforts are not insignificant commercial and intellectual undertakings, and as such represent enormous investments in both labor and other

tangible resources, and further represent significant contributions to interpretations of history.

21.    Moving forward to the present cause of action, on or about 1997, incomplete portions of a T. rex skeleton were discovered near Fort Peck, Montana. This skeleton was later nicknamed "Peck's Rex".

22.    The fossilized remains of Peck's Rex were excavated from their original resting place and sent to Defendant FPPI for further analysis and study.

23.    Plaintiff, on or about June 2002, temporarily loaned to Defendant FPPI multiple originally sculpted T. rex fossil casts based upon Plaintiff's copyrighted works entitled STAN T. rex and SUE T. rex, for the sole purpose of aiding in the identification and preparation of the fossilized T. rex known as Peck's Rex (hereinafter also identified as the "Infringing Work"). Specifically, Plaintiff temporarily provided Defendants with an original cast of the T. rex skull from the copyrighted work entitled STAN T.rex, as well as an original copyrighted arm and hand cast of SUE T. rex (hereinafter the "Copyrighted Works.").

24.    Plaintiff BHI, temporarily loaned these Copyrighted Works, at no cost to Defendants, for the sole purpose of aiding in the identification, extraction and study of the original fossil material known as Peck's Rex. Plaintiff's desire was for an increased understanding of the fossilized Peck's Rex remains and contribute to the

advancement of the general scientific body of knowledge such a find represented.

25.    At no time was permission asked for by Defendants, or was permission granted by Plaintiff BHI, implicitly or otherwise for the molding and copying of the original Copyrighted Works, nor their incorporation into any Peck's Rex fossil rendition thereof.

26.    On information and belief, Defendants, realizing that it would be advantageous to merely copy and thereby construct a complete Peck's Rex skeletal rendition, willfully set out to copy and incorporate Plaintiff's Copyrighted Works without authorization into the Peck's Rex specimen. Such a presentation could be valued in the millions of dollars. (Similar original fully-articulated T.rex skeletons have sold at auction for upwards of $8 million dollars.) In addition, once a total derivative work was complete, molds could be created, allowing for multiple reproductions to be produced and sold individually or as a fully-assembled exhibit for further profit.

27.    On information and belief, Defendants, realizing the significant time and resources necessary to develop, create, interpret, sculpt, cast, finish and incorporate their own original fossil casts to replace the missing bones in their Peck's Rex skeleton, willfully and with full knowledge of their infringing actions, pirated Plaintiff's expertise, labor and artistic work for their own financial gain.

28.     On information and belief, Defendants made the conscious decision to willfully, and for their own commercial gain, create unauthorized copies of numerous copyrighted sculpted bone casts loaned to them by Plaintiff for incorporation into their Peck's Rex skeleton and/or for individual sale.

29.     To date none of the Copyrighted Works temporarily provided to Defendants have been returned, and as such have been unlawfully converted and/or misappropriated by FPPI, despite numerous requests by Plaintiff for their immediate return.

30.     In an effort to protect its rights in the original Copyrighted Works, and recover the specimens unlawfully converted and/or misappropriated by Defendants, Plaintiff BHI has attempted numerous times in good faith to resolve this matter amicably to no avail.

31.     On information and belief, Defendant FPPI acknowledged that the original Copyrighted Works provided to them were in fact original pieces of sculpture and that any act of copying the same would constitute a violation of their copyright status. Defendants went so far as to send cease and desist letters to third party distributors of their Peck's Rex specimens to discontinue selling and marketing said products. *See* Ltr. From Michael Triebold, Triebold Paleontology, Inc., to Peter Larson, Black Hills Institute (June 21, 2007), attached hereto as ex. "E".

13

32.     Despite these acknowledgments, on information and belief, Defendant FPPI willfully, and with blatant disregard for U.S. and international copyright law, without authorization, and for financial gain, copied all and/or portions of the original Copyrighted Works for inclusion into the skull and skeletal rendition of Peck's Rex and made derivative works therefrom.

33.     On information and belief, Defendants have created, displayed, offered for sale, sold, and continue to offer for sale fossil renditions of the T. rex known as Peck's Rex incorporating unauthorized reproductions of Plaintiff's Copyrighted Works. To date, Plaintiff is aware of five complete Peck's Rex fossil renditions that have been sold, or are currently being publically displayed. These locations include:

Maryland Science Center, located at 601 Light Street, Baltimore, MD 21230-3899;

Wyoming Dinosaur Center, located at 110 Carter Ranch Road, Thermopolis, WY 82443-2457;

Carnegie Museum of Natural History, located at 4400 Forbes Ave., Pittsburgh, PA 15213;

Fort Peck Interpretative Center and Museum, located at Yellowstone Road, Fort Peck, MT 59223; and

Prehistoric Exhibits, LLC, located at 321 Broad Street, Kingsport TN 37660.

34.     On information and belief, FPPI has created, displayed, offered for sale, sold and continues to offer for sale an undetermined number of individual fossil replicas associated with their Peck's Rex fossil rendition which incorporate unauthorized reproductions of Plaintiff's Copyrighted Works.

35.     On information and belief, FPPI induced and contributed to the unauthorized display, sale, and/or distribution by other third parties an undetermined number of fossil replicas associated with their Peck's Rex fossil rendition which incorporate unauthorized reproductions of Plaintiff's Copyrighted Works.

36.     Plaintiff has exhausted all reasonable avenues to amicably resolve this issue. Even in the face of overwhelming evidence to the contrary, Defendants have consistently refused to acknowledge and account for their wrongful acts and even have refused to return the converted items. Plaintiff has been forced to take this action as the final available means to defend its lawfully granted rights and property.

37.     Throughout Plaintiff's efforts to amicably resolve this issue Defendant FPPI has refused to acknowledge its blatant and willful copying and violations of U.S. and international copyright laws, claiming only that it would investigate the matter further. On information and belief, Defendants were fully aware of their infringing activity at that time, and did not cease to seek financial gain by continued selling, or attempting to sell infringing Peck's Rex skeletal renditions incorporating

Plaintiff's Copyrighted Works.

38.     Plaintiff has provided to Defendant FPPI a list of cast skeletal elements from the original copyrighted work known as STAN T. rex that were found to be incorporated into the FPPI specimen identified as Peck's Rex. These include, but may not be limited to:

the left jugal;

the left post orbital;

the left prearticular;

the left splenial;

the left and right ectopterygoid;

the left and right pterygoid;

the vomer;

the left and right palatine; and

the squamosal;

39.     Plaintiff has also identified to FPPI that several original and copyrighted hand and arm fossil casts created by BHI for SUE T. rex have been unlawfully copied and wrongfully incorporated into Defendants' Peck's Rex rendition without authorization.

40.     In the face of such particular identification of infringement, on

16

information and belief, such multiple, blatant and brazen acts of unauthorized copying by Defendants indicate a clear pattern of willful and reckless disregard for the lawful copyrights of others.

41.    Further indicating willful copying and reckless disregard for the rights of others, on information and belief, FPPI has also intentionally attempted to alter several details of these Infringing Works to conceal the nature and extent of the Defendants' unlawful and unauthorized activities.

42.    In addition to clearly willfully infringement, Defendants, or some of them, have attempted to conceal and have misrepresented to Plaintiff the extent of their wrongdoing. During Plaintiff's efforts to amicably resolve the issues, Defendants misrepresented to BHI that the only sale or display of the Infringing Work was to the Maryland Science Center. This was clearly a misrepresentation, as Plaintiff now knows that FPPI has sold and/or publically displayed copies of the Peck's Rex skeleton incorporating Plaintiff's Copyrighted Works to at least four (4) additional locations as previously detailed above

43.    Exasperated by Defendants' lack of candor and responsiveness, Plaintiff was forced to retain counsel to further defend its rights in this matter. On or about, May 7, 2010, BHI, through counsel sent a detailed certified correspondence to Defendants outlining their willful infringement of BHI's copyrights, their continued

misrepresentation of facts and knowledge of their copying and duplication of BHI's works despite numerous and specific warnings.  In that same letter, BHI also indicated that FPPI wrongfully retained in its possession the Copyrighted Works temporarily provided to them by Plaintiff. *See* Ltr. from Luke Santangelo, Santangelo Law Offices, P.C., to George Stanley, John Rabensburg, Officers and Board, Fort Peck Paleontology, Inc., (May 7, 2010), attached hereto as ex. "F".

44.     On or about June 25, 2010, Defendants, in a further attempt to stonewall and evade responsibility for their actions, in a correspondence to Plaintiff, again failed to take the opportunity to resolve the situation amicably, indicating only that they would continue to investigate the matter and would respond by June 30, 2010. *See* Ltr. from Dick Barsness, Fort Peck Paleontology, Inc., to Luke Santangelo, Santangelo Law Offices, P.C. (June 25, 2010), attached hereto as ex. "G".

45.     On or about June 25, 2010, Defendants, seeking yet another extension of time, indicated that they would complete their investigation and fully respond by July 31, 2010. That date has long since passed, and no response has been forthcoming.  *See* Ltr. from Dick Barsness, Fort Peck Paleotology, Inc., to Luke Santangelo, Santangelo Law Offices, P.C. (May 21, 2010), attached hereto as ex. "H".

46.     On information and belief, Defendants have willfully converted, and misappropriated the lawful property of BHI for the purposes of gaining unfair

commercial advantage, damaging BHI's legitimate business interests, and concealing their past and continuing infringing activities. Defendants constant stonewalling and unresponsiveness has only exacerbated the situation and has resulted in further irreparable damages to Plaintiff and its lawful business interests as well as reputation.

47.    Defendants' wrongful actions, collectively and individually, represent serious and willful violations of the law under the umbrella of unfair competition. Such wrongful acts of unfair competition include inter alia, all statutory and non-statutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters.

48.    By reason of Defendants' infringement, and threatened future infringement, as well as other wrongful acts herein alleged, Plaintiff has sustained, and will continue to sustain injury, loss and damage to its ownership rights in the Copyrighted Works.

49.    Further irreparable harm is presumed and imminent as a result of Defendants' willful infringing conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, its officers, directors, agents, employees, representatives, customers, distributors and all persons acting in concert with them from engaging in further acts of copyright infringement as well as the other uncompetitive and wrongful acts herein described.

50.    Plaintiff is further entitled to recover from Defendants, collectively and/or individually, the damages sustained by Plaintiff as a result of Defendants' willful copyright infringement and other wrongful acts. By their wrongful acts, Defendants have caused and, unless restrained by this Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff. At present time, Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants have obtained such gains, profits and advantages through its infringing and other wrongful acts in an amount at present estimated to be $8,255,444.

## FIRST CAUSE OF ACTION

### (STAN T. rex Copyright Infringement)

51.    Plaintiff hereby realleges and incorporates by reference all prior and subsequent allegations as if fully set forth herein.

52.    The Copyrighted Work entitled "STAN T.rex," is an original work and copyrightable subject matter under the laws of the United States. Plaintiff has complied in all aspects with the laws governing U.S. copyrights with respect to this Copyrighted Work herein described. Plaintiff filed an application to register its copyright in the work entitled "STAN T. rex" with the United States Copyright Office as follows:

| CASE NUMBER | Title | Registration Filing Date |
| --- | --- | --- |
| 1-477561391 | STAN T. rex | 08-27-2010 |

53.    Copies of the text of the above referenced Application for copyright protection are attached hereto and incorporated by reference herein. *See* Copyright Application for STAN T. rex, Black Hills Institute of Geological Research, Inc. (Aug. 27, 2010), attached hereto as ex. "I".

54.    The above referenced Application for copyright protection has been approved for registration by the United States Copyright Office and has been assigned the registration number VA001745359.

55.    Plaintiff's U.S. copyright application in "STAN T. rex" claims the following aspects of the Copyrighted Works among other aspects:

Sculpting of Incomplete Items;

Creation of Unavailable Items and Portions;

Finish;

Relational Assembly;

Arrangement;

Interpretation;

Exterior Shape Detail;

Compilation Aspects; and

Separable Elements.

56.     The Copyright in the "STAN T. rex" work is valid and subsisting and has been valid and subsisting at all times since its inception.

57.     At all times herein mentioned Plaintiff has been and still is the proprietor of all right, title, and interest in and to the Copyrighted Work entitled "STAN T. rex", herein described. Further, Plaintiff has never assigned, or otherwise transferred its copyright rights to any of the Defendants or dedicated them to the public.

58.     Plaintiff has never authorized, consented to, or given permission, explicit or otherwise, to Defendants to reproduce, create derivative works based on, distribute unauthorized copies of, and/or publicly display all or any portion of the Copyrighted Work entitled "STAN T. rex".

59.     On information and belief, commencing on a date unknown and continuing to the present, Defendants, willfully and without authority, have reproduced and/or caused the reproduction of the Copyrighted Work "STAN T. rex" and/or have caused another to manufacture for Defendants, unauthorized copies of the Copyrighted Work "STAN T. rex" and/or have created or caused to be created derivative works based on Copyrighted Work "STAN T. rex" and/or have distributed and/or publicly displayed such unauthorized copies throughout the United States, including in this District, in violation of the Copyright Act.

60.    On information and belief, Defendants have infringed, for profit Plaintiff's copyright in the Copyrighted Work "STAN T. rex" by copying (or inducing another to copy) said work; by distributing (or inducing another to distribute) said unauthorized copies; by publicly displaying (or inducing another to publicly display) said unauthorized copies; by creating (or inducing another to create) derivative works based on the Copyrighted Work "STAN T. rex" and/or by otherwise exploiting their Infringing Works, knowing that the Infringing Works are copied from the Copyrighted Work "STAN T. rex".

61.    On information and belief, Defendants had access to Plaintiff's Copyrighted Work "STAN T. rex" prior to the time Defendants created their Infringing Works.

62.    Plaintiff notified Defendants on numerous occasions that they have, and continue to, infringe, Plaintiff's copyright. Defendants have continually refused to cease their infringing activities. As such, Defendants' acts were done with actual and/or constructive knowledge of Plaintiff's copyright and constitute willful infringement of those rights.

63.    Defendants willfully and intentionally copied the Copyrighted Work "STAN T. rex" in the Infringing Works. There is substantial similarity between the Infringing Works and the protected aspects of the Copyrighted Work "STAN T. rex".

Defendants have earned revenues from the copying, distribution, manufacture, sale and/or public display of the Infringing Works.

64.     By reason of Defendants' aforementioned infringements of Plaintiff's copyright, Plaintiff has sustained, and will continue to sustain, substantial injury, loss, and damage to its rights in the Copyrighted Work "STAN T. rex" and other derivative works herein described.

65.     Further irreparable harm and injury to Plaintiff is presumed and imminent as a result of Defendants' actions.

66.     Each separate Defendant has committed, participated in, failed to prevent, or induced acts constituting copyright infringement as prohibited by Federal law in each locale where the wrongful activity occurred.

67.     Plaintiff is entitled to recover from Defendants, collectively and individually, all such damages sustained (whether actual, statutory or otherwise) as a result of Defendants' wrongful acts as previously alleged pursuant to Section §504 of the Copyright Act and other relevant law.

68.     Plaintiff is entitled to recover all of Defendants' profits, Plaintiff's damages pursuant to Section §504 of the Copyright Act, as well as the cost of this action. The intentional nature of Defendants' unlawful acts renders this an "exceptional case," entitling Plaintiff to enhanced damages and an award of

24

attorneys' fees.

## SECOND CAUSEOF ACTION

### (SUE T. rex Copyright Infringement)

69.    Plaintiff hereby realleges and incorporates by reference all prior and subsequent allegations as if fully set forth herein.

70.    The Copyrighted Work entitled "SUE T. rex" is an original work and copyrightable subject matter under the laws of the United States. Plaintiff has complied in all aspects with the laws governing U.S. copyrights with respect to the Copyrighted Work herein described. Plaintiff filed an application to register its copyright in the work entitled "SUE T. rex" with the United States Copyright Office as follows:

| CASE NUMBER | Title | Registration Filing Date |
|---|---|---|
| 1-487346181 | SUE T. rex | 10-11-2010 |

71.    Copies of the text of the above referenced Application for copyright protection are attached hereto and incorporated by reference herein. *See* Copyright Application for SUE T. rex, Black Hills Institute of Geological Research, Inc. (Oct. 11, 2010), attached hereto as ex. "J".

72.    The above referenced Application for copyright protection has been approved for registration by the United States Copyright Office and has been assigned

the registration number VA001743746. *See* Copyright Certificate of Registration for SUE T. rex, Black Hills Institute of Geological Research, Inc. (Oct. 11, 2010), attached hereto as ex. "K".

73.    Plaintiff's U.S. copyright application in "SUE T. rex" claims the following aspects of the Copyrighted Works among other aspects:

Sculpting of Incomplete Items;

Creation of Unavailable Items and Portions;

Finish;

Relational Assembly;

Arrangement;

Interpretation;

Exterior Shape Detail;

Compilation Aspects; and

Separable Elements.

74.    The Copyright in the "SUE T. rex" work is valid and subsisting and has been valid and subsisting at all times since its inception.

75.    At all times herein mentioned, Plaintiff has been, and still is the proprietor of all right, title, and interest in and to the Copyrighted Work entitled "SUE T. rex" herein described. Further, Plaintiff has never assigned, or otherwise

transferred its copyright rights to any of the Defendants or dedicated them to the public.

76.    Plaintiff has never authorized, consented to, or given permission, explicit or otherwise, to Defendants to reproduce, create derivative works based on, distribute unauthorized copies of, and/or publicly display all or any portion of the Copyrighted Work.

77.    On information and belief, commencing on a date unknown and continuing to the present, Defendants, willfully and without authority, have reproduced and/or caused the reproduction of the Copyrighted Work "SUE T. rex" and/or have caused another to manufacture for Defendants, unauthorized copies of the Copyrighted Work "SUE T. rex"; and/or have created or caused to be created derivative works based on Copyrighted Work "SUE T. rex"; and/or have distributed and/or publicly displayed such unauthorized copies throughout the United States, including in this District, in violation of the Copyright Act.

78.    On information and belief, Defendants have infringed, for profit Plaintiff's copyright in the Copyrighted Work "SUE T. rex" by copying (or inducing another to copy) said work; by distributing (or inducing another to distribute) said unauthorized copies; by publicly displaying (or inducing another to publicly display) said unauthorized copies; by creating (or inducing another to create) derivative works

based on the Copyrighted Work "SUE T. rex," and/or by otherwise exploiting their Infringing Works, knowing that the Infringing Works are copied from the Copyrighted Work "SUE T. rex".

79.     On information and belief, Defendants had access to Plaintiff's Copyrighted Work "SUE T. rex" prior to the time Defendants created their Infringing Works.

80.     Plaintiff notified Defendants on numerous occasions that they have, and continue to, infringe Plaintiff's copyright. Defendants have continually refused to cease their infringing activities. As such, Defendants' acts were done with actual and/or constructive knowledge of Plaintiff's copyright and constitute willful infringement of those rights.

81.     Defendants willfully and intentionally copied the Copyrighted Work "SUE T. rex" in the Infringing Work. There is substantial similarity between the Infringing Work and the protected aspects of the Copyrighted Work "SUE T. rex". Defendants have earned revenues from the copying, distribution, manufacture, sale and/or public display of the Infringing Work.

82.     By reason of Defendants' aforesaid infringements of Plaintiff's copyright, Plaintiff has sustained, and will continue to sustain, substantial injury, loss, and damage to its rights in the Copyrighted Work "SUE T. rex" and other derivative

28

works herein described.

83.     Further irreparable harm and injury to Plaintiff is presumed and imminent as a result of Defendants' actions.

84.     Each separate Defendant has committed, participated in, failed to prevent, or induced acts constituting copyright infringement as prohibited by Federal law in each locale where the wrongful activity occurred.

85.     Plaintiff is entitled to recover from Defendants, collectively and individually, all such damages sustained (whether actual, statutory or otherwise) as a result of Defendants' wrongful acts as previously alleged pursuant to Section §504 of the Copyright Act and other relevant law.

86.     Plaintiff is entitled to recover all of Defendants' profits, Plaintiff's damages pursuant to Section §504 of the Copyright Act, as well as the cost of this action. The intentional nature of Defendants' unlawful acts renders this an "exceptional case," entitling Plaintiff to enhanced damages and an award of attorneys' fees.

## THIRD CAUSE OF ACTION

### (Unfair Competition)

87.     Plaintiff hereby realleges and incorporates by reference all prior and subsequent allegations as if fully set forth herein.

88.     Defendants' wrongful acts herein alleged constitute business conduct which is contrary to honest practice in industrial and commercial matters.

89.     Defendants, individually and collectively, have willfully and/or recklessly committed unlawful acts prohibited under the banner of unfair competition, which represents a collection of related causes of actions under State and Federal law.

90.     Defendants have committed unlawful acts of unfair competition through their infringement of Plaintiff's Copyrighted Works.

91.     Defendants have committed unlawful acts of unfair competition through their conversion of Plaintiff's property.

92.     Defendants have committed unlawful acts of unfair competition through their misappropriation of Plaintiff's business, reputation, property and/or intellectual property.

93.     Defendants have committed unlawful acts of unfair competition through their unauthorized creation, reproduction, sale, offer for sale, and display of Plaintiff's property.

94.     Defendants have committed unlawful acts of unfair competition through their inducement of other third parties to reproduce, sale, offer for sale, and/or display Plaintiff's property.

95.     Defendants have committed unlawful acts of unfair competition through

their misleading the public as to the true source of the items and wrongful incorporation of numerous unauthorized reproductions of Plaintiff's property into products sold by Defendants to third party customers for commercial gain in direct competition with Plaintiff's legitimate business interests.

96.   Defendants have committed unlawful acts of unfair competition through their willful and/or reckless and misleading advertising, marketing, or otherwise falsely indicating, actively or by omission to the public that Plaintiff's original creations were in fact the result of Defendants' intellectual and/or financial investments.

97.   Defendants have committed unlawful acts of unfair competition by failing to account for Plaintiff's labor and investment in creating the items which were unlawfully usurped by Defendants and incorporated into and sold in the Infringing Works without attribution or payment to the original creators.

98.   Defendants have committed unlawful acts of unfair competition through their continuing efforts to market, sell and display the Infringing Works despite the knowledge of their infringing nature.

99.   Defendants have committed unlawful acts of unfair competition through their willful attempts to conceal the infringing nature of their products.

100.   Defendants have committed unlawful acts of unfair competition through

misrepresentations of their actual commercial and financial intentions to continue selling the Infringing Works even after becoming aware of their infringing nature.

101.   Defendants have committed unlawful acts of unfair competition through their unlawful misappropriation and damage to a valuable business property, namely Plaintiff's copyrights and its associated reputation and goodwill, as well as personal property.

102.   Defendants have committed unlawful acts of unfair competition through their attempts to wrongfully deceive and divert potential business opportunities and consumers away from Plaintiff's business and/or products.

103.   Defendants have committed unlawful acts of unfair competition through breach of applicable standards of commercial practice, misleading customers and/or others relative to Plaintiff's Copyrighted Works.

104.   Defendants' unlawful acts of unfair competition have caused damage to Plaintiff's accumulated goodwill in its intellectual property and business.

105.   Defendants' wrongful acts herein alleged constitute unfair competition in violation of the rights of Plaintiff in each locale where such acts have occurred and under federal law.

106.   Defendants' acts were taken in willful, deliberate and/or reckless disregard of Plaintiff's rights.

107.   Defendants' wrongful acts have given them a special unfair advantage in competition because of the fact that they enjoy the benefits of Plaintiff's time, money and efforts to create the items and are not burdened with any part of the expense of creating, maintaining, or enforcing the misappropriated property.

108.   As a direct and proximate result of the unfair competition of Defendants, Plaintiff has suffered irreparable harm, for which it has no adequate remedy at law, and will continue to suffer irreparable injury unless and until Defendants' infringing acts are enjoined.

109.   Each separate Defendant has committed, participated in, or induced acts constituting unlawful, deceptive and Unfair Competition under Montana Code Annotated §30-14-103, and as prohibited under the principles of common law as applicable in each locale where the wrongful activity occurred.

110.   Plaintiff is entitled to recover all of Defendants' profits, Plaintiff's damages, as well as the cost of this action. The intentional nature of Defendants' unlawful acts renders this an "exceptional case," entitling Plaintiff to enhanced damages and an award of attorneys' fees.

111.   By reason of the wrongful acts alleged herein, Defendants, and each of them are liable to Plaintiff for each separate type of unfair competition proscribed by law, including but not limited to those alleged under this collective cause of action.

## FOURTH CAUSE OF ACTION

### (Conversion)

112.   Plaintiff hereby realleges and incorporates by reference all prior and subsequent allegations as if fully set forth herein.

113.   Defendants' activities, individually and collectively, constitute the unlawful conversion of the Plaintiff's property.

114.   Plaintiff explicitly and temporarily loaned to Defendants personal property, namely the Copyrighted Works.

115.   Plaintiff, at all times, has maintained rightful ownership of, as well as an explicit right of possession, over the aforementioned property.

116.   Defendants have improperly retained possession over Plaintiff's personal property, namely the Copyrighted Works, despite numerous and explicit requests for their rightful return. As such, Defendants have plainly exercised unauthorized dominion over such personal property.

117.   Defendants' acts of unauthorized dominion over the Plaintiff's personal property have caused, and continue to cause Plaintiff significant damage.

118.   Defendants' wrongful conversion has facilitated (and continues to facilitate) the unlawful creation of an indeterminate number of unauthorized reproductions of Plaintiff's property which have been subsequently incorporated into

products sold to third party customers for commercial gain in direct competition with Plaintiff's legitimate business interests.

119.   Plaintiff has been further damaged by the denial of the right to benefit from the fruits of its labor, as well as the unlawful and unfair advantage gained by Defendants in benefitting directly from Plaintiff's hard work and intellectual efforts. In addition, Plaintiff has been damaged in the costly procedures and lost time spent in pursuit of the unlawfully converted property.

120.   Plaintiff is entitled to all damages pursuant to Montana Code Annotated §27-1-320 including, but not limited to: (a) the value of the property at the time of its conversion with the interest from that time or, the highest market value of the property at any time between the conversion and the verdict without interest, at the option of the Plaintiff; and (b) a fair compensation for the time and money properly expended in pursuit of the property; and (c) any and all further relief as the Court finds just and equitable.

## FIFTH CAUSE OF ACTION

### (Common Law Misappropriation)

121.   Plaintiff hereby realleges and incorporates by reference all prior and subsequent allegations as if fully set forth herein.

122.   Plaintiff has invested substantial time, money, energy, and other

resources in creating and marketing its works, its business, and its associated consumer recognition, reputation and goodwill.

123.   Through Plaintiff's extensive efforts, the works have become a valuable asset to Plaintiff's organization.

124.   Defendants' wrongful activities, individually and collectively, constitute the willful misappropriation of the Plaintiff's business, property, rights and reputation.

125.   As described herein, Plaintiff temporarily loaned to Defendants (as a professional courtesy and free of charge) numerous original and copyrighted sculpted fossil casts, including a complete disarticulated skull from the STAN T. rex, as well as a cast fossilized arm and hand from SUE T. rex, previously described herein as the Copyrighted Works.  In addition to being fully protected under the copyright laws of the United States, these specimens represent a significant investment of time, expertise, and resources. These items have not been returned.

126.   Through their actions, Defendants have intentionally and with reckless disregard for the law, misappropriated Plaintiff's business, reputation, property and/or intellectual property. Such business, reputation, property and/or intellectual property being created by Plaintiff as the result of significant expenditures of labor, skill, and money. Such property and/or intellectual property has been previously described

36

herein, and which includes but is not limited to Plaintiff's Copyrighted Works which were incorporated into the Peck's Rex fossil replicas and later sold for significant commercial gain in direct competition with Plaintiff's legitimate business interests.

127.   Through their actions, Defendants have intentionally used Plaintiff's property and/or intellectual property for an unauthorized purpose. Such unauthorized actions have been previously described herein, which may include, but may not be limited to, the unauthorized reproductions of Plaintiff's Copyrighted Works which were incorporated into the Peck's Rex fossil rendition and later sold for significant commercial gain in direct competition with Plaintiff's legitimate business interests.

128.   Defendants' actions have given them a special advantage in competition because of the fact that they are not burdened with any part of the expense of generating the property.

129.   Defendants have appropriated Plaintiff's business, property, and rights as their own and unlawfully attained significant unfair commercial advantage at the expense of Plaintiff, even though they did not develop or create this business, property, and/or the goodwill associated with such.

130.   Defendants' acts were taken in willful, deliberate and/or reckless disregard of Plaintiff's property and rights.

131.   Each separate Defendant has committed, participated in, failed to

prevent, or induced acts constituting misappropriation as prohibited by Montana law and other states, and as prohibited under the principles of common law as applicable in each locale where the wrongful activity occurred.

132.   Plaintiff has been damaged, and will continue to suffer irreparable damages as a result of Defendants wrongful and unlawful misappropriation.

133.   As a direct and proximate result of the misappropriation of Defendants, Plaintiff has suffered and will continue to suffer irreparable harm unless and until the conduct of Defendants is enjoined.

134.   Plaintiff is entitled to recover all of Defendants' gross receipts, profits, Plaintiff's damages, as well as the cost of this action to the extent not duplicative. The intentional nature of Defendants' unlawful acts entitles Plaintiff to enhanced damages and an award of attorneys' fees.

135.   By reason of the wrongful acts herein alleged, Defendants, and each of them, are liable to Plaintiff for misappropriation as prohibited by Montana law and other states, and as prohibited under the principles of common law as applicable in each locale where the wrongful activity occurred.

### SIXTH CAUSE OF ACTION

### (Willful Misconduct)

136.   Plaintiff hereby realleges and incorporates by reference all prior and

subsequent allegations as if fully set forth herein.

137.   Each Defendant committed such acts under circumstances indicating that they intended, knew, or reasonably should have known of the wrongful character of their actions, and not as a result of any bona fide error.

138.   Defendants were notified by Plaintiff numerous times through various informal and official correspondences, as well as in-person communications, explicitly detailing their infringing and other wrongful acts.

139.   By knowingly committing, knowingly participating in, or knowingly inducing each of the actions alleged herein, each Defendant has individually and collectively committed, participated in, or induced acts constituting: Willful Wrongdoing under the Copyright Act, Montana law, and under the principles of common law as applicable in each locale of wrongful activity.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

1.   That Defendants, through their actions, and/or participations with others have jointly and severally infringed, and are infringing on Plaintiff's Copyrighted Works;

2.   That Defendants have, jointly and severally, acted willfully and have willfully infringed, and are willfully infringing on Plaintiff's Copyrighted Works,

specifically, STAN T. rex and SUE T. rex;

3.     That Defendants have, with knowledge of the infringing activity, jointly and severally, induced, caused, and/or materially contributed to the infringing of Plaintiff's Copyrighted Works by others, specifically the STAN T. rex and SUE T. rex works;

4.     That Defendants have, jointly and severally, unfairly competed against Plaintiff in violation of the principles of federal and common-law unfair competition, and relevant unfair competition laws and statutes as applicable in each locale of the wrongful activity;

5.     That Defendants have, jointly and severally, converted Plaintiff's property;

6.     That Defendants have, jointly and severally, misappropriated Plaintiff's business, reputation, rights, legitimate business opportunities, property and/or intellectual property;

7.     That Defendants, and any officers, directors, agents, servants, affiliates, employees, board members, parent and/or subsidiary corporations, and/or representatives, and all those in privity, funding or acting in concert with Defendants, and each and all of them, be restrained and enjoined from directly or indirectly infringing Plaintiff's copyrights in any manner, or from reproducing, distributing,

utilizing, adapting, displaying, advertising, promoting, offering for sale and/or selling, causing, contributing to, or participating in, the unauthorized reproduction or distribution by sale or other transfer of ownership, unauthorized reproduction of the Copyrighted Works, or any works that are substantially similar to the Copyrighted Works;

8.      That Defendants be enjoined, during the pendency of this action, from directly or indirectly infringing Plaintiff's copyrights in any manner, or from reproducing, distributing, utilizing, adapting, displaying, advertising, promoting, offering for sale and/or selling, causing, contributing to, or participating in, the unauthorized reproduction or distribution by sale or other transfer of ownership, unauthorized reproduction of the Copyrighted Works, or any works that are substantially similar to the copyrighted work, and that such Infringing Works in possession or control of Defendants be delivered to the control of the Court for impounding during the pendency of this action or otherwise impounded as directed by this Court pursuant to 17 U.S.C. §502;

9.      That the Court order the immediate impoundment and destruction of all infringing goods sold by, and/or in possession of, or control of Defendants, their customers, distributors or persons otherwise disposed;

10.      That Defendants, and any officers, agents, servants, affiliates, employees,

parent and subsidiary corporations, and representatives, and all those in privity or acting in concert with Defendants, and each and all of them be enjoined, from unfairly competing, in any manner, with Plaintiff, pursuant to 15 U.S.C. §1065 and common law principles in each locale where the activity has or may occur;

11.     For restitution, jointly and severally, in an amount according to proof;

12.     For general and special damages, jointly and severally, in an amount to be determined according to proof;

13.     For punitive damages, jointly and severally, in an amount appropriate to deter and to punish Defendants from engaging in similar misconduct;

14.     That Defendants, jointly and severally, be required to pay to Plaintiff compensatory damages at present estimated to be $8,255,444 for the injuries sustained by Plaintiff in consequence of the acts here complained of according to such proof as Plaintiff shall produce at the trial of this action to the extent not duplicative;

15.     That Defendants, jointly and severally, be required to account to Plaintiff for any and all gains, gross receipts, profits and advantages attributed to or derived by them as a result of the activities complained of in this complaint to the extent proved and not duplicative;

16.     That Defendants, jointly and severally, be required to pay to Plaintiff all

costs of all corrective advertising and other corrective actions necessary to mitigate all damage to the Plaintiff's reputation, goodwill, copyrights, and business according to such proof as Plaintiff shall produce at the trial of this action;

17.     That Defendants, jointly and severally, be required to pay to Plaintiff all of its litigation expenses, including reasonable attorneys' fees and the costs of this action;

18.     That the Defendants, jointly and severally, pay pre-judgment interest to Plaintiff on all amounts awarded and post-judgment interest until paid at the appropriate rate;

19.     That the Court order the immediate return of Plaintiff's property;

20.     That the Court order all rightful damages pursuant to Montana Code Annotated § 27-1-320 for the conversion of Plaintiff's property;

21.     That the Court retain jurisdiction of this action for the purposes of enabling Plaintiff to apply to the Court at any time for such further orders and interpretations or executions of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith, and for the punishment of any violations thereof; and

22.     That the Court award Plaintiff such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff Black Hills Institute of Geological Research, Inc., hereby demands a jury trial.

DATED this 23nd day of November, 2010.

CRIST, KROGH & NORD, LLC

By: /s/ Harlan B. Krogh
Harlan B. Krogh
2708 First Avenue North, Suite 300
Billings, MT 59101

Attorneys for Plaintiff

## VERIFICATION

I, Peter Larson, as President of the Plaintiff, BLACK HILLS INSTITUTE OF GEOLOGICAL RESEARCH, INC., hereby verify and state that I have reviewed the above allegations in this complaint and that to my knowledge all such allegations are true and correct.

BLACK HILLS INSTITUTE OF GEOLOGICAL RESEARCH, INC.

By: _____

Peter Larson, President