Antoinette M. Tease
ANTOINETTE M. TEASE, P.L.L.C.
PO Box 51016
Billings, MT 59105
(406) 245-5254
toni@teaselaw.com

Attorney for Defendant
Fort Peck Paleontology, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BLACK HILLS INSTITUTE OF GEOLOGICAL RESEARCH, INC., a South Dakota corporation,<br><br>  Plaintiff,<br><br>vs.<br><br>FORT PECK PALEONTOLOGY, INC., a Montana corporation, JOHN RABENBERG, an individual, DICK BARSNESS, an individual, JOHN DOE(S), individuals and entities,<br><br>  Defendants. | Cause No. CV-10-76-GF-SEH |

DEFENDANT FORT PECK PALEONTOLOGY, INC.'S BRIEF
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT

## I. Introduction.

Plaintiff Black Hills Institute of Geological Research, Inc. ("BHI") has asserted a copyright interest in casts of the *T.rex* dinosaur called "Sue" (hereinafter referred to as "SUE T.rex"). BHI, however, was never the lawful owner of SUE T.rex and was never granted any rights to cast or mold SUE T.rex by her lawful owners. In fact, by filing a federal copyright application for the SUE T.rex casts, BHI fraudulently represented to the U.S. Copyright Office that it had the lawful right to make such casts. As such, BHI's copyright in the SUE T.rex casts is invalid, and its copyright claim is unenforceable.

For the reasons explained more fully below, defendant Fort Peck Paleontology, Inc. ("FPPI") moves for summary judgment with respect to the Second Cause of Action, which alleges that BHI's copyright in and to the SUE T.rex casts is "valid and subsisting" and that FPPI has infringed BHI's copyright in SUE T.rex. *See* Pl.'s First Amended Compl. and Demand for Jury Trial (March 9, 2011), ¶¶ 68-85. In short, FPPI is entitled to partial summary judgment because: (i) BHI did not register its alleged copyright in the works at issue within five years of their first publication, and the presumption of validity does not apply; (ii) BHI does not have standing to sue for infringement of copyright in the SUE T.rex casts because it never had the lawful right to make them; and (ii) BHI has committed

fraud upon the U.S. Copyright Office in representing that it had the requisite legal authority to make the SUE T.rex casts and to assert a copyright interest therein.

## II.  Statement of Facts.

On August 12, 1990, Susan Hendrickson, a member of BHI's team, discovered a Tyrannosaurus Rex, which became known as SUE, on the South Dakota ranch of Maurice Williams. Defendant's Statement of Undisputed Facts ("Def. Stat.") ¶ 1. The United States has held Williams' land in trust for him since 1969. *Id.* ¶ 2. After excavating the fossilized remains of the SUE T.rex, BHI transported the fossil to its affiliated museum, where the SUE T.rex remained until it was seized in May of 1992 by the FBI and other federal agents pursuant to a criminal search warrant. *Id.* ¶¶ 3, 4.

Thereafter, BHI initiated suit to quiet title to SUE T.rex and sought to repossess the fossil by way of a preliminary injunction. *Id.* ¶ 5. On December 15, 1993, the United States Court of Appeals for the Eighth Circuit ruled that BHI did not have any interest in SUE T.rex "[b]ecause [Williams] did not seek the Secretary [of Interior's] approval." Specifically, the court held that "Williams' attempted sale to Black Hills is void and…*the United States holds Sue in trust for Williams pursuant to the trust patent.*" *Id.* ¶ 6. In the same ruling, the Eighth Circuit declared that "[b]ecause the fossil was part of Williams' trust land and he failed to secure approval for his attempted sale of the right to excavate it, …the

United States' seizure of the fossil was a proper exercise of its trust status under the [General Allotment Act of 1887]." *Id.* ¶ 7.

On July 5, 1996, in a separate but related case, the Eighth Circuit ruled that BHI was not entitled to an equitable lien against Williams based on BHI's lack of good faith and willful blindness of Indian trust land statutes and regulations when excavating the SUE T.rex. *Id.* ¶ 8.

On October 4, 1997, the SUE T.rex fossil was lawfully purchased by The Field Museum of Natural History in Chicago, Illinois ("the Field Museum") at a Sotheby's Auction. *Id.* ¶ 9. At no point did Williams grant Peter Larson or BHI molding or casting rights in the SUE T.rex. *Id.* ¶ 10. Similarly, The Field Museum never granted either Peter Larson or BHI any molding or casting rights to SUE T.rex. *Id.* ¶ 11. In fact, the only person or entity to which The Field Museum has ever granted molding or casting rights to SUE T.rex is Research Casting International Ltd. of Trenton, Ontario. *Id.* ¶ 12.

On October 11, 2010, despite never having legal title to SUE T.rex and never having been granted any casting rights to SUE T.rex by any of her lawful owners, BHI filed a federal copyright application seeking to register the copyright in casts it had made of SUE T.rex.[1] *Id.* ¶ 13. The copyright registration

---

[1] These casts were presumably made prior to seizure of the fossil by the federal government.

4

subsequently issued, and on March 9, 2011, BHI filed the present action against FPPI, alleging infringement of its copyright in the SUE T.rex casts. *Id.* ¶¶13-14.

### III. Argument.

**A. There Is No Genuine Issue of Material Fact That Would Preclude Summary Judgment.**

Summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrates the absence of any genuine issues of material fact,": the burden of production then shifts so that "the nonmoving party must set forth…specific facts showing that there is a genuine issue for trial." *T. W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

Actions arising under the Copyright Act must adhere to the same summary judgment standard as any other civil action. *Shaw v. Lindheim*, 919 F.2d 1353, 1358-59 (9th Cir. 1990). Accordingly, copyright claims can be resolved on summary judgment when there is no dispute of material fact. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1472 (9th Cir.), *cert denied*, 506 U.S. 869 (1992); *Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir. 1989). In particular,

5

"[c]opyrightability is often resolved on summary judgment...because very often no issues of material fact are in dispute and the only task for the court is to analyze the allegedly copyrightable item in light of applicable copyright law." *Sem-Torq, Inc. v. K Mart Corp.*, 936 F.2d 851, 853 (6th Cir. 1991) (citations omitted).

**B.     BHI Did Not Register the Work Within Five Years of First Publication, and the Presumption of Validity Does Not Apply.**

An issued copyright registration is prima facie evidence of the validity of the copyright, but only if the application is filed within five years after first publication of the work. 17 U.S.C. Section 410(c). Where the work is not registered within this five-year period, the copyright holder is not entitled to a presumption of validity. *Rouse v. Walter & Assocs., L.L.C.*, 513 F. Supp. 2d 1041 (S. D. Iowa 2007).

In this case, the work was registered in October of 2010[2]—a full eighteen years after the date of first publication. *See* Def. Stat. ¶ 13. The plaintiff, therefore, has the burden of proof with respect to the issue of validity of its claimed copyright in the SUE T.rex casts. *Funky Films, Inc. v. Time Warner Ent. Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006).

---

[2] The effective date of the registration relates back to the filing date of the application. 17 U.S.C. § 410(d).

C.  **BHI Does Not Have Standing To Sue for Infringement of Copyright in and to the SUE T.rex Casts Because It Never Had the Lawful Right To Make Casts of SUE T.rex.**

Pursuant to § 501(b) of the Copyright Act, only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). "[U]nder traditional principles of statutory interpretation, Congress' explicit listing of who *may* sue for copyright infringement should be understood as an *exclusion* of others from suing for infringement." *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (emphasis in original). "[O]nly copyright owners and exclusive licensees of copyright may enforce a copyright or a license." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2007) (citing 17 U.S.C. § 501(b)); *see also Silvers*, 402 F.3d 881, 889.

Accordingly, "[a] plaintiff bringing a claim for copyright infringement must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Funky Films, Inc.*, 462 F.3d at 1076 (9th Cir. 2006) (*quoting Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). BHI never had the lawful right to make casts and/or molds of SUE T.rex; therefore, BHI does not have a valid copyright interest in any casts that were made

7

unlawfully. As such, BHI has no standing to sue for infringement of its alleged copyright in such casts.

In this case, BHI is not the legal owner of the copyright in the SUE T.rex casts because it was never granted any casting or molding rights from the lawful owners of the SUE T.rex fossil. Def. Stat. ¶¶ 10-12. Although BHI did make the casts at issue in this case, it did not have any authority to do so. Allowing BHI to sue for infringement of copyright in casts of a dinosaur it never owned, which it never lawfully possessed, and to which it was never granted casting rights would extend copyright protection to those who unlawfully seize or acquire goods only to copy them and assert copyright over their "copies." Such a result would be inimical to the principles of fairness underlying our copyright laws.[3]

### D. BHI Has Committed Fraud on the U.S. Copyright Office by Representing That It Had a Valid Copyright Interest in and to the SUE T.rex Casts.

Pursuant to § 411(a) of the Copyright Act, "no civil action for infringement of the copyright in any United Sates work shall be instituted until…registration of

---

[3] If BHI can claim the copyright in casts of a fossil it never owned, to which it never had legal access, and with respect to which it was never granted casting rights, then FPPI surely cannot be liable for having allegedly made casts of STAN T.rex, a fossil owned by BHI, the casts of which were lent to FPPI by BHI, regardless of whether BHI ever granted casting rights to FPPI. In fact, if BHI's copyright in SUE T.rex is upheld, then presumably FPPI would have the right to claim copyright in any casts it may have allegedly made of STAN T.rex.

8

The U.S. Court of Appeals for the Ninth Circuit, however, has since taken the opportunity to decide the issue of fraud from the bench, without the assistance of the Register of Copyrights. *See United Fabrics Intern.*, 630 F.3d 1255, 1259 (holding that defendant did not prove fraud on the Copyright Office, without resorting to the assistance of the Register of Copyrights); *see also Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1156 (9th Cir. 2010) (explaining that ""[i]nadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless…the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement."") (quoting *Lamps Plus*, 345 F.3d 1140, 1145 (quoting *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997)). Misstatements, when intended to defraud the Copyright Office, invalidate the copyright registration and bar copyright infringement actions. *See Lamps Plus*, 345 F.3d 1140, 1145 (quoting *Urantia Found.*, 114 F.3d 955, 963; *accord Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486-87 (9th Cir. 2000); *see also Cooling Sys. & Flexibles, Inc. v. Stuart Radiator, Inc.*, 777 F.2d 485, 487 (9th Cir.1985) (quoting Melville B. Nimmer, 2 *Nimmer on Copyright* § 7.20, at 7-147 (1985))).

As noted above, BHI did not ever—and currently does not—have any ownership interest in SUE T.rex, nor was BHI ever in lawful possession of SUE

10

T.rex. Furthermore, BHI was never granted any casting or molding rights from the lawful owners of SUE T.rex—either before or after her sale in 1997. *See* Def. Stat. ¶¶ 6, 7, 10, 11. When BHI filed its copyright application in October of 2010, it was aware of the Eighth Court decisions declaring that it did not hold any interest in SUE T.rex because it was a party to those cases. *See id.* ¶¶ 6, 7, 8. It also had to have known that it had not been granted casting and molding rights from any of the lawful owners of the SUE T.rex fossil. Accordingly, BHI's conduct in representing itself as the copyright claimant in its application to register the SUE T.rex casts constituted knowingly providing inaccurate information to the U.S. Copyright Office in violation of Section 411(b)(1) of the Copyright Act.[6]

## IV. Conclusion.

For the foregoing reasons, FPPI respectfully requests that the Court grant its motion for partial summary judgment and declare that: (i) BHI lacks standing to assert infringement of copyright in any casts of SUE T.rex; and (ii) BHI's copyright registration for the SUE T.rex casts is invalid under Section 411(b)(1) of the Copyright Act.

---

[6] BHI represented in its application that it had acquired copyrights in SUE T.rex by virtue of the fact that the casts were made by its employees; however, this assertion completely ignores the fact that neither BHI nor its employees had any casting or molding rights in or to the SUE T.rex fossil.

11

Dated:      September 16, 2011

                  /s/ Antoinette M. Tease
                  Attorney for Defendant Fort Peck Paleontology, Inc.

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(d)(2) of the U.S. District Court Rules, I certify that this Brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; and the Word count calculated by Word 2007 for Windows is approximately 2294 and in any event not more than 6500 words, excluding caption, certificate of service, if any, and certificate of compliance.

Dated:    September 16, 2011

/s/ Antoinette M. Tease
Attorney for Defendant Fort Peck Paleontology, Inc.